UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ANDREA DESVIGNES,

          Plaintiff,

    -against-

EMG MUSIC GROUP INC. d/b/a
ALL ENTERTAINMENT MEDIA GROUP,
and JEFFREY BURTON,

          Defendants.
------------------------------------------------------------------------X

For Online Publication Only

**ORDER**
24-cv-1298 (JMA)(LGD)

FILED
CLERK
8/19/2025 11:18 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Currently pending before the Court is a motion for default judgment filed by Plaintiff Andrea Desvignes against Defendants EMG Music Group Inc. ("EMG") and Jeffrey Burton (collectively, "Defendants"). Plaintiff alleges that Defendants failed to: (1) pay her overtime wages in violation of both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and New York Labor Law ("NYLL") § 650 et seq.; (2) pay her minimum wages in violation of the NYLL; and (3) provide her with wage notices and wage statements as required by NYLL §§ 195(1) and 195(3), respectively. For the reasons stated below, Plaintiff's motion for a default judgment is GRANTED in part and DENIED in part and Plaintiff is awarded $1,980.76.

## I. DISCUSSION

### A. Defendants Defaulted

Defendants were properly served in this action, appeared through counsel, and filed an answer. Defense counsel, however, withdrew and Magistrate Judge Dunst ordered Defendants to inform the Court by October 29, 2024 whether they intended to retain new counsel. (ECF No. 19.) Judge Dunst also warned Defendants that if that they "fail to submit this letter, Plaintiff may move for appropriate relief pursuant to Judge Azrack's Individual Practice Rules by 11/13/2024." (Id.)

Defendants did not submit any letter to the Court and have not filed anything in this case after Judge Dunst's October 29, 2024 Order. The Clerk of Court docketed an entry of default for Defendants on November 22, 2024. (ECF No. 24.) Defendants were sent copies of Plaintiff's motion for default judgment and have not filed any response. Accordingly, the Court finds Defendants in default and strikes their answer.[1]

**B. <u>Liability</u>**

When a defendant defaults, the Court is required to accept all the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. <u>Finkel v. Romanowicz</u>, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendants' liability as a matter of law. <u>Id.</u> Here, those requirements are met for Plaintiff's overtime claims, but not for Plaintiff's spread of hours claims or his claims concerning wage statements and wage notices.

The Court finds that the well-pleaded allegations in the Complaint meet the jurisdictional prerequisites of the relevant FLSA and NYLL provisions. The Court further finds that the Complaint's allegations constitute violations of the overtime provisions of the FLSA and the NYLL as well as the minimum wage provisions of the NYLL.

Plaintiff's complaint, however, fails to plausibly allege wage notice and wage statement claims. Plaintiff's allegations concerning her wage statement and wage notice claims under the NYLL are insufficient to plausibly allege standing for these claims. To establish standing for these claims, "a plaintiff must show some causal connection between the lack of accurate [wage] notices and [a] downstream harm." <u>Guthrie v. Rainbow Fencing Inc.</u>, 113 F.4th 300, 308 (2d Cir. 2024).

---

[1] The Court finds Defendants in default for not following Judge Dunst's order and for failing to defend this action. The Court also finds EMG to be in default because a corporation cannot proceed <u>pro se</u> in federal court.

> In <u>Guthrie</u>, the Second Circuit explained that:
>
> A plaintiff-employee may have suffered an injury-in-fact sufficient to establish standing when, for example, inaccurate or noncompliant notices prevented the employee from obtaining full payment of wages in a timely fashion. But the plaintiff-employee cannot "assume[ ] [t]his conclusion without analysis" or rely on "speculation and conjecture." Rather, the plaintiff-employee must support a plausible "theory as to how he was injured by [the] defendants' failure to provide the required documents."

<u>Id.</u> at 309 (cleaned up).

Here, Plaintiff has not provided any "plausible allegations" or any evidence that she "suffered a concrete injury because of" Defendants' "failure to provide the required notices and statements." <u>Id.</u> at 311. Accordingly, Plaintiff lacks standing to sue for these statutory violations.

## C. <u>Damages</u>

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" <u>Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC</u>, 779 F.3d 182, 189 (2d Cir. 2015) (quoting <u>Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc.</u>, 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." <u>Credit Lyonnais Sec., Inc. v. Alcantara</u>, 183 F.3d 151, 155 (2d Cir. 1999) (citing <u>Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.</u>, 109 F.3d 105, 111 (2d Cir. 1997)). The Court may determine that there is a sufficient evidentiary basis for the damages sought by Plaintiff by reviewing affidavits and other documentary evidence. See <u>Cement & Concrete Workers Dist. Council Welfare Fund</u>, 699 F.3d at 234.

Plaintiff's declaration establishes to, a reasonable certainty, that Plaintiff is owed $843.75 in minimum and overtime wages under the NYLL, $843.75 in liquidated damages under the NYLL, and $203.26 in prejudgment interest under the NYLL. Plaintiff's total damages award is $1,980.76.

## II. CONCLUSION

For the reasons stated above, Plaintiff's motion for a default judgment is granted in part and denied in part. Defendants are jointly and severally liable to Plaintiff in the amount of $1,980.76. The Court further orders Defendants to pay Plaintiff post-judgment interest calculated from the date judgment is entered in this action until the date of payment, using the federal rate set forth in 28 U.S.C. § 1961.

As is required of any court issuing an "order awarding [NYLL] remedies," the Court makes clear that, under NYLL § 198, "if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent." NYLL §§ 198(4), 663(4); see Martinez v. Dannys Athens Diner Inc., No. 16-cv-7468, 2017 WL 6335908, at *6 (S.D.N.Y. Dec. 5, 2017).

The Clerk of the Court is directed to enter judgment accordingly and close this case. Plaintiff is directed to mail a copy of this Order and the judgment to Defendants and to promptly file proof of service on ECF.

**SO ORDERED.**

Dated: August 19, 2025
Central Islip, New York

                                            /s/   (JMA)
                                          JOAN M. AZRACK
                                          UNITED STATES DISTRICT JUDGE